NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES GARY HAMILTON; BEVERLY E. HAMILTON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> HOME SALES INC.; et al., <br><br> Defendants - Appellees. | No. 11-57192 <br><br> D.C. No. 3:11-cv-00977-DMS-RBB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted December 9, 2014**

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

James Gary Hamilton and Beverly E. Hamilton appeal pro se from the

district court's judgment dismissing their action arising out of foreclosure

proceedings.   We have jurisdiction under 28 U.S.C. § 1291.   We review de novo

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).   Accordingly, we deny the Hamiltons' request for oral argument, set forth in their opening brief.

the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed the Hamiltons' Federal Debt Collection Practices Act ("FDCPA") claim because the Hamiltons failed to allege facts sufficient to show that any defendant is a debt collector within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6) (definition of "debt collector" under FDCPA); *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013) (complaint "must plead factual content that allows the court to draw the reasonable inference" that defendant is a "debt collector" as defined by the FDCPA (citation and internal quotation marks omitted)).

The district court properly dismissed the Hamiltons' Real Estate Settlement Procedures Act ("RESPA") claim because the Hamiltons failed to allege facts sufficient to show that they suffered any actual damages from the alleged RESPA violation. *See* 12 U.S.C. § 2605(f)(1) (limiting recovery to "actual damages" where there is no pattern or practice of noncompliance with the requirements of § 2605).

The district court properly dismissed the Hamiltons' 42 U.S.C. § 1983 claim because the Hamiltons failed to allege facts sufficient to show that defendants were

acting under color of state law. *See Apao v. Bank of N.Y.*, 324 F.3d 1091, 1095 (9th Cir. 2003) (bank using a non-judicial foreclosure procedure provided by state law was not a government actor under § 1983; extensive regulation does not convert a private company into a state actor liable under § 1983).

The district court did not abuse its discretion in declining to exercise jurisdiction over the Hamiltons' state law claims after dismissing the federal claims with prejudice. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (setting forth standard of review and explaining that "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)).

We reject the Hamiltons' contentions concerning compliance with Federal Rule of Civil Procedure 8 and the district court's alleged denial of leave to amend.

**AFFIRMED.**

11-57192